IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND BROWN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-4948 |
| | : | |
| MARCO ORTIZ, *et al.*, | : | |
|     Defendants. | : | |

<u>**MEMORANDUM**</u>

**HODGE, J.**                                                                                                    **APRIL 30, 2025**

      Plaintiff Raymond Brown, a convicted prisoner who is currently incarcerated at SCI Phoenix, commenced this action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983, asserting violations of his constitutional rights and related state law claims arising from events that allegedly occurred while he was a parolee. Brown also filed an Amended Complaint which Parole Supervisor Marcos Ortiz, Parole Director Lakeisha Cooper, and Parole Agents Edward Jones and Michael Shillingsford (collectively "Defendants") moved to dismiss for failure to state a claim. Currently before the Court is Brown's Motion to Supplement § 1983 Amended Complaint ("Motion to Supplement") and "Motion for Preliminary Injunction/Temporary Restraining Order ("Motion for Preliminary Injunction"). A proposed supplement is attached to the Motion to Supplement. ("Supp." or "Supplement" (ECF No. 52 at 3-5.)) Brown's AC asserts claims against Defendants, (AC at 1), and in his proposed Supplement, he seeks to add claims against Ortiz and to assert claims against new Defendants Ford and Daniels, who are identified as "Parole Staff." (Supp. at 3.) For the following reasons, the Court will deny both Brown's Motion to Supplement and Motion for Preliminary Injunction.

I.     **FACTUAL ALLEGATIONS**[1]

Brown's original Complaint, filed on December 11, 2023, asserts claims based on events that occurred between February and late October 2023. (ECF No. 2.) The AC, filed on August 29, 2024, asserts claims based on events that allegedly occurred between February and November 2023. (ECF No. 33). In the AC, Brown alleges that between August 2021 and May 30, 2024, he was a parolee subject to the jurisdiction of the Pennsylvania Department of Corrections Board of Probation and Parole and that Supervisor Ortiz, Director Cooper, and Agents Shillingford and Jones supervised his parole. (*Id.*) During his parole, Brown had numerous verbal altercations with Cooper arising from the imposition of allegedly unjust sanctions. (*Id.*) Brown avers that at some time in 2021, Cooper placed a GPS monitor tightly around Brown's ankle and told him it would be removed when Brown learned some respect. (*Id.* at 2.) Brown alleges he suffered injury because of the placement of the device. (*Id.*) He further alleges that in February 2023, Cooper, with Ortiz, repeated this conduct, placing another GPS device on Brown's leg, even though Brown had not violated any terms of his parole. (*Id.*) In response, Brown accused Cooper and Ortiz of incompetence. (*Id.*) Cooper and Ortiz then allegedly threatened Brown with arrest if he did not learn some respect. (*Id.*) Brown alleges that, in fear of being re-arrested, he drank antifreeze and was hospitalized for a month, during which time he received care for organ failure and for mental health symptoms. (*Id.*)

---

[1] The factual allegations set forth in this Memorandum are taken from Brown's AC (ECF No. 12) and proposed Supplement (ECF No. 52 at 3-5.) The Court adopts the pagination supplied by the CM/ECF docketing system. Where appropriate, grammar, spelling, and punctuation errors in Brown's pleading will be corrected for clarity. Additionally, the Court includes facts reflected in the publicly available state court docket, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

In June 2023, Cooper, Ortiz and Shillingford allegedly ordered Brown to appear at their office to address an incident that occurred on June 17, 2023. (*Id*. at 2-3.) Brown appeared and a verbal altercation ensued, during which Brown again accused Cooper, Ortiz, and Shillingford of incompetence. (*Id*. at 3.) He alleges that he also provided a date-stamped video establishing that he was not at the location of the alleged June 17, 2023 incident when it occurred. (*Id*.) Nonetheless, on June 22, 2023, Cooper, Ortiz, and Shillingford arrested Brown based on allegedly false information included in Brown's arrest warrant and in his supervision history. (*Id*.) During the arrest, Ortiz and Shillingford allegedly seized Brown's cell phone, $800 in cash, his wallet containing various credit and bank cards, his keys, and two bags containing personal items. (*Id*.) Brown was imprisoned and alleges that, as a result, he lost his job, car, and residence. (*Id*.) Brown alleges that on October 19, 2023, he was found not guilty of the charges against him and was re-paroled, again under Cooper's supervision. (*Id*.)

In November 2023, Cooper, Ortiz, and Jones allegedly again provided false information that resulted in Brown's re-arrest. (*Id*.) They also included the allegedly false information in Brown's supervision history, knowing it would be considered in connection with subsequent parole and program placement decisions. (*Id*.)

In the AC, Brown asserts that Cooper and Ortiz have retaliated against him based on his statements regarding their professional competence. (*Id*. at 3-4.) He claims that because of this retaliation, he has been denied parole and has experienced emotional distress. (*Id*. at 4.) He also asserts that Cooper and Ortiz were deliberately indifferent to his "poor and unsafe conditions" – otherwise unexplained. (*Id*.) He asserts violations of his First, Fourth, Eighth, and Fourteenth Amendment rights and a claim for intentional infliction of emotional distress against Cooper and Ortiz. (*Id*.) He further asserts that Ortiz and Shillingford unlawfully arrested him and seized his

3

property, in violation of his Fourth and Fourteenth Amendment rights and Pennsylvania criminal law. (*Id*.) He also asserts a claim for intentional infliction of emotional distress against Shillingford and Jones, as well as a claim pursuant to the Eighth Amendment. (*Id*.) As relief, he seeks money damages and injunctive relief including commutation of his parole, retraction of any arrest reports and his current supervision history, and an order enjoining any member of the Department of Corrections or Parole Board from considering his arrest reports and current supervision history in future parole decisions. (*Id*. at 5.) In an Affidavit attached to the AC, Brown asserts, *inter alia*, that the false information currently included in his supervision history would be considered in November 2024, when he was scheduled for parole review. (*Id*. at 7.)

The publicly available docket in *Commonwealth v. Brown*, MC-51-CR-19906-2023, reflects that on June 14, 2023, Brown was charged with Contempt for Violation of Order or Agreement. (*Id*.) On April 9, 2024, he was found guilty and sentenced to three to six months' confinement and was to receive credit for time served. *Id.* On June 13, 2024, Brown filed a Notice of Appeal to the Pennsylvania Superior Court. *Id*. The case status is described as currently awaiting appellate court decision. *Id*.

The publicly available docket in *Commonwealth v. Brown*, MC-51-CR-19907-2023, reflects that on June 17, 2023, Brown was charged with Contempt for Violation of Order or Agreement, found guilty of that charge on April 9, 2024, and sentenced to six months' probation, to be served consecutively with the period of imprisonment to which he was sentenced in 19906-2023. *Id*. He appealed the conviction on June 13, 2024, and the case status is described as currently awaiting appellate court decision. *Id*.

## II. PROCEDURAL HISTORY

In his original Complaint, Brown asserted claims against Ortiz, Shillingford, and Cooper based upon conduct they allegedly engaged in while Brown was a parolee under their supervision. Following denial of his Motion for Leave to Proceed *In Forma Pauperis*, Brown paid the applicable filing fee. (ECF Nos. 14, 18.) Upon statutory screening of the Complaint pursuant to 28 U.S.C. § 1915A, the Court dismissed with prejudice Brown's official capacity claims against the named Defendants and directed service of the Complaint. (ECF No. 20). Before service was effectuated, Brown filed the AC, repeating the original claims against Ortiz, Shillingford, and Cooper, and adding claims against Parole Agent E. Jones.[2] Upon statutory screening of the AC, the Court again dismissed Brown's official capacity claims with prejudice and directed service of the AC upon E. Jones. (ECF No. 43.) While service was in process, Brown filed the Motion to Supplement. (ECF No. 52.) Following completion of service, Defendants filed a Motion to Dismiss the Amended Complaint, ("Motion to Dismiss" (ECF No. 62)), and Brown subsequently filed the Motion for Preliminary Injunction (ECF No. 63). Brown has requested an extension of time in which to respond to the Motion to Dismiss, (ECF No. 65), which the Court grants. The Supplement is ripe for screening.[3]

## II. MOTION TO SUPPLEMENT

### A. Facts

---

[2] Brown's AC was filed pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), which provides that "[a] party may amend its pleading once as a matter of course no later than 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A).

[3] Also pending is Brown's Motion for Sanctions (ECF No. 66), in which he asserts that Defendants and their counsel have presented arguments in bad faith and lacking legal merit in the Motion to Dismiss. (*Id*. at 2.) In light of the pendency of the Motion to Dismiss, to which Brown has not yet responded, the Court denies the Motion for Sanctions as premature. Brown must include any arguments pertaining to the merits of the Motion to Dismiss in his response thereto.

In his proposed Supplement, Brown asserts claims based on events that occurred in May and November 2024. (Supp. at 3, 4.) He alleges that, during that time, Ford, Daniel and Ortiz were Parole Staff responsible for his parole supervision. (*Id*. at 3.) Brown alleges that he was under Ortiz's supervision from 2021 through 2023, during which time he filed civil actions against Ortiz asserting retaliation claims. (*Id*.) In response, Ortiz allegedly included false information in Brown's supervision history in May and November 2024, knowing that the false information would be considered at Brown's re-parole hearing. (*Id*. at 3-4.) Ford and Daniel, who were aware of the civil action filed by Brown, participated in Brown's November 6, 2024 parole hearing. (*Id.* at 4.) During the hearing, Ford and Daniel questioned Brown about the claims filed against Ortiz. (*Id*.) Ford and Daniel allegedly denied Brown parole in retaliation for his filing of civil lawsuits. (*Id*.) Brown asserts retaliation claims against Ford and Daniel pursuant to the First and Eighth Amendments. (*Id*.) He seeks money damages. (*Id*.) Additionally, he seeks injunctive relief, including (1) automatic re-parole after completion of his current period of recommitment; (2) vacatur of the November 8, 2024 parole decision together with immediate parole; and (3) an order enjoining Defendants from considering past parole violations at future parole hearings and further enjoining them from recommitting Brown based on summary offenses, unless it is determined that he is a threat to public safety. (*Id*. at 4-5.)

B.  **Legal Standard**

Although Brown has paid the filing fee in full, the Court has the authority to screen his proposed Supplement pursuant to 28 U.S.C. § 1915A. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding *in forma pauperis*). Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as

soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "fails to state a claim upon which relief may be granted." § 1915A(b)(1). Whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Neal v. Pa. Bd. Of Prob. & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Brown is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

    **C. Applicable Law**

Federal Rule of Civil Procedure 15(d) provides that, upon motion and reasonable notice, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "A supplemental complaint refers to events that occurred after the original pleading was filed. Factors to be considered by the Court in making [a determination under Rule 15(d)] are the same as those to be considered in motions to amend, including the promotion of a justiciable disposition of the case, the delay or inconvenience in permitting a plaintiff to supplement the complaint, any resulting prejudice to the other parties in

the action, and whether the supplement would be futile." *El v. Matson*, No. 21-01325, 2022 WL 22905735, at *1 (W.D. Pa. June 3, 2022) (quoting *Millhouse v. United States*, No. 19-665, 2019 WL 5722030, *2 (M.D. Pa. Nov. 5, 2019)) (internal citations and quotations omitted). Whether to grant a Rule 15(d) motion to supplement a pleading is within the discretion of the district court. *See, e.g.*, *T Mobile Ne. LLC v. City of Wilmington, Del.*, 913 F.3d 311, 326-27 (3d Cir. 2019).

### D. Discussion

In his Supplement, Brown purports to assert claims based on violations of his First and Eighth Amendment rights on account of Defendants' alleged retaliatory conduct resulting in the denial of re-parole. (*See* Supp. At 4.) The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Brown seeks to add retaliation claims against Ortiz based on his alleged inclusion of false information in Brown's supervision history, and against Ford and Daniels based on their questions to him about civil actions he filed during a parole hearing and the subsequent denial of re-parole allegedly based on their recommendations, seeking money damages and, as injunctive relief, the vacatur of the November 8, 2024 parole decision together with immediate parole. (Supp. at 3-4.)

Even if the claims asserted against Ford and Daniels in Brown's proposed Supplement are plausible, they cannot proceed because a claim that calls into question the validity of an extant parole decision is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). "[T]o recover

damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Id.* at 486-87 (footnote and citation omitted). "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. The doctrine set forth in *Heck* has been extended to civil rights cases challenging parole and probation revocations. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006); *Burton v. Delaware Cnty. Court House*, No. 12-4175, 2012 WL 3223691, at *2 (E.D. Pa. Aug. 7, 2012).

Success on Brown's proposed supplemental claims against Ortiz, Ford, and Daniel would necessarily imply the invalidity of the decision to deny him re-parole, and because he does not allege that the decision to deny him re-parole has been overturned, his claims are not cognizable. *See Ingram v. Schwab*, No. 22-1665, 2024 WL 4647630 (W.D. Pa. Nov. 1, 2024). In *Ingram*, the plaintiff alleged, *inter alia*, that employees of the Pennsylvania Board of Probation and Parole rescinded his re-parole date and denied him parole in part in retaliation for his filing of civil lawsuits. *Id.* at *2. In support of his claim, he alleged that the defendants asked him about the status of his civil lawsuits at his parole hearing. *Id.* Upon statutory screening, the United States Magistrate Judge to whom the case was referred determined that the retaliation claim was barred by *Heck*. *Id.* Plaintiff filed objections and, on *de novo* review, the district court overruled them.

The court determined that if the plaintiff was successful in establishing that his parole denial was based on the improper retaliatory questioning about his constitutionally protected conduct, "then a successful result would necessarily imply that the . . . parole denial is invalid." *Id*. at *3. As such, the claim was barred by *Heck*. Similarly, here, Brown cannot prevail on his claims against Ford and Daniel without drawing into question the validity of the parole decision, and Brown has not alleged that the decision has been overturned.[4] Brown's claims are, therefore, subject to dismissal, and to permit him to supplement his AC with such claims would be futile. Accordingly, his Motion to Supplement will be denied.[5]

### III.   MOTION FOR PRELIMINARY INJUNCTION

#### A. Facts

In his Motion for Preliminary Injunction, Plaintiff complains that Defendants have been "continuously retaliating upon [him] for engaging in a protective activity of freedom of speech and to express, since the 2021[,] in violation of Plaintiff's first amendment." (ECF No. 33, ¶ 1). Plaintiff claims that Defendants placed him on a GPS device, which caused substantial pain and injury, as well as placed false information in his arrest and supervision history reports despite knowing they would be "considered for Plaintiff's reparole and intuitional programs." (*Id.* at ¶ 2). Plaintiff further alleges that Defendants intentionally and recklessly inflicted emotional distress upon him, "causing Plaintiff to attempt to end his life." (*Id.* at ¶ 3).

---

[4] The plausibility of Brown's proposed supplemental claim against Ortiz is less clear, but the result would be the same, because if Brown were to successfully prove that the denial of re-parole was based on false information placed in his supervision history by Ortiz, he would call into question the validity of that decision.

[5] Brown may pursue his claims against Ortiz, Ford, and Daniel in a new civil action if the underlying decision to deny him re-parole is ever reversed, vacated, or otherwise invalidated.

Plaintiff states that he is currently at risk of irreparable harm to "continue on reparole, institutional programs, liberty, and . . . his mental health." (*Id.* at ¶ 5). Plaintiff therefore requests that this Court order an injunction requiring that the viewing, consideration, and application related to his parole arrest and supervision history reports be stricken from any reparole consideration. *Id.* at ¶ 6. Plaintiff also requests that the Court order Defendants to retract the aforementioned reports from 2023 and refrain from any additional retaliation. *Id.* at ¶ 7.

**B. Discussion**

A preliminary injunction is an "extraordinary and drastic remedy," so the movant bears the burden of making a "clear showing" that they are entitled to such relief. *Delaware State Sportsmen's Ass'n, Inc. v. Delaware Dep't of Safety & Homeland Sec'y*, 108 F.4th 194, 202 (3d Cir. 2024) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). Those seeking a preliminary injunction must establish that they are: (1) likely to succeed on the merits; (2) likely to suffer irreparable harm in the absence of the preliminary injunction; (3) "that the balance of equities tips in [their] favor"; and (4) that an injunction is in the public interest. *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). The first two elements are the "most critical," and only if both are present will the court "then balance[] all four factors." *Delaware State Sportsmen's Ass'n, Inc.*, 108 F.4th at 202. Although plaintiffs need not prove their case with "airtight certainty," they nevertheless "bear[] a heavy burden on a motion for a preliminary injunction." *Punnett v. Carter*, 621 F.2d 578, 588 (3d Cir. 1980).

As with Plaintiff's Motion to Supplement, the Court denies his Motion for Preliminary Injunction because the relief Plaintiff requests would "necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence," *Heck*, 512 U.S. at 487, and the *Heck* bar

applies "no matter the relief sought (damages *or equitable relief*)." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis added).

## VI. CONCLUSION

For the foregoing reasons, Brown's Motion to Supplement and Motion for Preliminary Injunction are denied. An appropriate Order follows.

**BY THE COURT:**

**/s/ Kelley B. Hodge**

**KELLEY BRISBON HODGE, J.**