IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND BROWN, : | |
|    Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 23-CV-4948 |
| : | |
| MARCO ORTIZ, *et al.*, : | |
|    Defendants. : | |

HODGE, J.                                                                                                       November 26, 2025

**<u>MEMORANDUM</u>**

Plaintiff Raymond Brown ("Brown"), who is currently incarcerated at SCI Phoenix, commenced this action by filing a pro se complaint pursuant to 42 U.S.C. § 1983, asserting violations of his constitutional rights and related state law claims arising from events that allegedly occurred while he was a parolee. Currently before the Court is Brown's Amended Complaint ("AC" (ECF No. 33)), which is the governing pleading, in which he asserts claims against Marco Ortiz ("Ortiz"), Michael Shillingford ("Shillingford"), Lakeisha Cooper ("Cooper"), and E. Jones ("Jones"),[1] and a Motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendants

---

[1] In his original Complaint, Brown asserted claims against Ortiz, Shillingford, and Cooper based upon conduct allegedly engaged in while Brown was a parolee under their supervision. (ECF No. 2.) Following denial of his Motion for Leave to Proceed *In Forma Pauperis*, Brown paid the applicable filing fee. (ECF Nos. 14, 18.) Upon statutory screening of the Complaint pursuant to 28 U.S.C. § 1915A, the Court dismissed with prejudice Brown's official capacity claims against the named Defendants and directed service of the Complaint. (ECF No. 20). Before service was effected, Brown filed the AC, repeating the original claims against Ortiz, Shillingford, and Cooper, and adding claims against Jones. (ECF No. 33.) Upon statutory screening of the AC, the Court again dismissed Brown's official capacity claims with prejudice and directed service of the AC upon Jones. (ECF No. 43.) The Court subsequently denied Brown's Motion to Supplement the AC (ECF No. 74), leaving the AC as the governing pleading.

seeking dismissal of Brown's AC. [2] ("Motion" (ECF No. 62.)) Brown filed an "Objection," which the Court deems to be his Response to the Motion. ("Response" (ECF No. 71.)) For the following reasons, the Court grants Defendants' Motion in part and denies it in part. The Court dismisses Brown's Eighth Amendment and state law intentional infliction of emotional distress claims with prejudice. Additionally, the Court dismisses with prejudice Brown's Fourth Amendment claims based on the seizure of his personal property, his request for injunctive relief, and his request for declaratory relief. The remainder of Defendants' Motion is denied, and Brown's First Amendment retaliation and Fourth Amendment false arrest claims will proceed to discovery.

I.      **FACTUAL ALLEGATIONS**[3]

Between August 2021 and May 30, 2024, Brown was a parolee subject to the jurisdiction of the Pennsylvania Department of Corrections Board of Probation and Parole, and during that time, Supervisor Ortiz, Director Cooper, and Agents Shillingford and Jones supervised his parole. (AC at 1.) During his parole, Brown had numerous verbal altercations with Cooper arising from Cooper's imposition of allegedly unjust sanctions. (*Id.*) First, in August 2021, Cooper placed a GPS monitor tightly around Brown's ankle and told him it would be removed when Brown learned some respect. (*Id*. at 2, 6.) Brown suffered injury to his leg because of the placement of the device.

---

[2] Also pending is Brown's Motion for Clarification (ECF No. 76), in which Brown requests that the Court vacate its May 2, 2025 Order directing him to file a response to Defendants' Motion to Dismiss (*see* ECF No. 75), in light of his earlier filing of a response. The Motion is granted and the Court's May 2, 2025 Order is vacated. Also pending is Brown's Motion to Proceed with Civil Action (ECF No. 80), which is denied as moot in light of the instant Memorandum and accompanying Order.

[3] The factual allegations set forth in this Memorandum are taken from Brown's AC (ECF No. 33). The Court adopts the pagination supplied by the CM/ECF docketing system. Where appropriate, grammar, spelling, and punctuation errors in Brown's pleading are corrected for clarity. Additionally, the Court includes facts reflected in the publicly available state court docket, of which this Court takes judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

(*Id*.) Next, in February 2023, Cooper, with Ortiz, repeated this conduct, placing another GPS device on Brown's leg, even though Brown had not violated any terms of his parole. (*Id*.) In response, Brown accused Cooper and Ortiz of incompetence. (*Id*.) Cooper and Ortiz then threatened Brown with arrest if he did not learn some respect. (*Id*.) In fear of being re-arrested, Brown drank antifreeze in a suicide attempt and was subsequently hospitalized for a month, during which time he received care for organ failure and for mental health symptoms. (*Id*.)

In June 2023, Cooper, Ortiz, and Shillingford ordered Brown to appear at their office to address an incident that occurred on June 17, 2023. (*Id*. at 2-3.) Brown appeared and a verbal altercation ensued, with Brown again accusing Cooper, Ortiz, and Shillingford of incompetence. (*Id*. at 3.) Brown also provided a date-stamped video establishing that he was not at the location of the alleged June 17, 2023 incident when it occurred. (*Id*.) Nonetheless, on June 22, 2023, Cooper, Ortiz, and Shillingford arrested Brown based on allegedly false information included in Brown's arrest warrant and supervision history. (*Id*.) During the arrest, Ortiz and Shillingford seized Brown's cell phone, $800 in cash, his wallet containing various credit and bank cards, his keys, and two bags containing personal items. (*Id*.) Brown was imprisoned and alleges that, as a result, he lost his job, car, and residence. (*Id*.) On October 19, 2023, Brown was found not guilty of the charges against him and was re-paroled, again under Cooper's supervision. (*Id*.)

In November 2023, Cooper, Ortiz, and Jones re-arrested Brown on the same charges, based on allegedly false information. (*Id*.) They also included the allegedly false information in Brown's supervision history, knowing it would be considered in connection with subsequent parole and program placement decisions. (*Id*.)

Brown asserts First Amendment retaliation, Fourth Amendment false arrest, and Eighth Amendment deliberate indifference claims against Cooper and Ortiz. (*Id*. at 4.) He also asserts his

3

Fourth Amendment false arrest claim against Shillingford. (*Id.*) Additionally, Brown asserts a Fourth Amendment claim against Ortiz and Shillingford based on the seizure of his property at the time of his arrest. (*Id.*) Finally, he asserts a state law claim for intentional infliction of emotional distress against Shillingford and Jones. (*Id.*) As relief, Brown seeks monetary damages and injunctive relief including commutation of his parole, retraction of any arrest reports and his current supervision history, and an order enjoining any member of the Department of Corrections or Parole Board from considering his arrest reports and current supervision history in future parole decisions. (*Id.* at 5.) In an Affidavit attached to the AC, Brown asserts, *inter alia*, that the false information currently included in his supervision history will be considered in November 2024, when he is scheduled for parole review. (*Id.* at 7.)

The publicly available docket in *Commonwealth v. Brown*, MC-51-CR-19906-2023 (M.C. Phila.) and *Commonwealth v. Brown*, MC-51-CR-19907-2023 (M.C. Phila.) reflect that on November 6, 2023, Brown was charged in both cases with Contempt for Violation of Order or Agreement. (*Id.*) On April 9, 2024, he was found guilty and sentenced to three to six months' confinement and was to receive credit for time served. *Id.* On June 13, 2024, Brown filed a Notice of Appeal to the Pennsylvania Superior Court. *Id.* The cases' status is described as currently awaiting an appellate court decision. *Id.*

**II.    STANDARD OF REVIEW**

"A 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim

4

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555.) "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). It is the defendant's burden to show that a complaint fails to state a claim. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (explaining that on a Rule 12(b)(6) motion to dismiss, the "defendant bears the burden of showing that no claim has been presented").

In resolving a Rule 12(b)(6) motion, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). To determine whether a complaint filed by a pro se litigant states a claim, a court must accept the facts alleged as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024); *see also Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (pro se filings are construed liberally). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v.*

*Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

## III. DISCUSSION

### A. Application of *Heck v. Humphrey*

Brown claims, *inter alia*, that he was arrested based on false information in retaliation for comments he made regarding Defendants' competence, and asserts First Amendment retaliation and Fourth Amendment false arrest claims against Cooper and Ortiz. (AC at 3, 4.) Defendants argue that because Brown was found guilty of the charges giving rise to his arrests, and because his convictions are extant, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Motion at 7-10.) For the following reasons, Defendants' Motion is denied in this regard and Brown's retaliation and false arrest claims will proceed to discovery.

"[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck*, 512 U.S. at 486-87 (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider

whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. Defendants argue that a judgment in Brown's favor on the claims asserted against them would call into question the validity of the extant convictions, and thus, the claims are barred. (Motion at 8-9.)

Brown responds that *Heck* is inapplicable because following his arrest for the June 17, 2023 incident, the charges against him were discontinued and he was continued on parole. (Response at 6.) He accuses Defendants of attempting to mislead the Court regarding the applicability of *Heck*. (*Id*.) Defendants did not file a Reply addressing this argument. Moreover, the publicly available docket does not refute Brown's assertion. It reflects only that he was convicted on the charges giving rise to his November 2023 arrest. In short, the allegations in the AC, read in the light most favorable to Brown, adequately plead that the charges giving rise to the revocation of his parole in June 2023 were resolved in his favor in October 2023. His First Amendment retaliation and false arrest claims accrued at that time. Defendants do not argue that Brown has failed to state plausible First Amendment retaliation or Fourth Amendment false arrest claims based on the June 2023 arrest, and accordingly, those claims will proceed to discovery.

Regarding Brown's November 2023 arrest, the publicly available docket reflects that his conviction on the charges for which he was arrested in June 2023, and for which he was re-arrested in November 2023, are extant and currently on appeal to the Pennsylvania Superior Court. *See Commonwealth v. Brown*, MC-51-CR-19906-2023 (M.C. Phila.); *Commonwealth v. Brown*, MC-51-CR-19907-2023 (M.C. Phila.). However, the AC is short on facts describing the circumstances and basis of the arrest. For example, Brown does not allege whether he was arrested pursuant to a warrant. Additionally, he does not allege whether he was arrested for a parole violation or for the

7

crime of conviction. Defendants neither provide this information nor do they explain why a finding in Brown's favor on his false arrest claim would undermine the validity of his conviction. As such, Defendants have failed to satisfy their burden to show that Brown's AC fails to state a claim. *See Hedges*, 404 F.3d at 750. For this reason, Brown's First Amendment retaliation and Fourth Amendment false arrest claims based on his November 2023 arrest will also proceed to discovery.[4] Brown's request for injunctive relief is dismissed,[5] as is his request for declaratory relief.[6]

### B. Eighth Amendment Claims

Brown asserts Eighth Amendment claims against Cooper and Ortiz, alleging that they were "deliberate[ly] indifferent to [his] poor and unsafe condition." (AC at 4.) Defendants construe these

---

[4] Defendants also argue that Brown's claims against Ortiz and Shillingford based on their allegedly unlawful seizure of his property during his arrest are *Heck*-barred. (Motion at 9 n.6.) Brown may not pursue this claim for the separate reason that he cannot state a constitutional claim based on the loss of his property. *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available.'" (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984))). The Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Con. Stat. § 8542(b) provides a meaningful post-deprivation remedy, and because this remedy is available for Brown's property loss claim in an appropriate state court, this claim is dismissed.

[5] Brown seeks injunctive relief including commutation of his parole, retraction of any arrest reports and his current supervision history, and an order enjoining any member of the Department of Corrections or Parole Board from considering his arrest reports and current supervision history in future parole decisions. (AC at 5.) However, the Court may not afford this type of relief on a § 1983 claim. *See Sanders L. v. N.J. State Parole Bd.*, No. CIV.A. 20-5148, 2021 WL 5083834, at *2 (D.N.J. Nov. 1, 2021) ("[I]n addition to the two claims he raises, Plaintiff also states in his complaint that he wishes to have his parole supervision term vacated, . . . however, a civil rights action is not the proper mechanism through which to challenge aspects of a prisoner's conviction and sentence – such a challenge can only be raised in federal court through a habeas petition.") (citations omitted).

[6] Even if Brown's request for declaratory relief was not barred by *Heck*, the Court would still dismiss it because declaratory relief is unavailable to adjudicate past conduct. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (per curiam) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another.").

claims as arising from Brown's suicide attempt and argue that the claims must be dismissed because Brown does not allege that he was physically confined by Cooper and Ortiz at the time of the attempt, or that these Defendants had any control over his living conditions.[7] (Motion at 11.) The Court dismisses Brown's Eighth Amendment claim because the facts alleged in the AC do not adequately state a claim for deliberate indifference to his serious medical needs by Defendants.

Defendants assert that they cannot be liable for Eighth Amendment violations because Brown was not in their custody at the time of his suicide attempt and was free to seek medical care. (Motion at 11.) Moreover, they argue that parole agents have no duty to provide adequate medical care to parolees. (*Id*. at 11-2) (citing *Koch v. Wade*, No. CIV.A. 15-3895, 2016 WL 1381793, at *2 (N.D. Cal. Apr. 5, 2016) (stating that the obligation to provide adequate medical care to incarcerated individuals "has not been extended to convicts who are not in custody and therefore free to find treatment on their own") and *Bannett v. Newsom*, No. CIV.A. 23-5905, 2024 WL 1559997, at *4 (N.D. Cal. Apr. 9, 2024) ("No authority of which the Court is aware provides the Eighth or Fourteenth Amendments prohibit deliberate indifference to the medical or mental health needs of a parolee, as opposed to an inmate awaiting trial or a convicted prisoner.") Defendants argue that Brown's Eighth Amendment claims must, accordingly, be dismissed. Brown counters that when Defendants placed a GPS device on his ankle and confined him to his home, they effectively took custody of him, rendering his Eighth Amendment claims plausible. (Response at 6-7, 8) (citing *Commonwealth v. Wegley*, 791 A.2d 1223, 1225 (Pa. Super. Ct. 2002) (holding that electronic monitoring constituted "official detention" for purposes of Pennsylvania's

---

[7] To the extent Brown's claims arise from the tight placement of a GPS monitoring device, this claim has already been rejected. *See Brown v. Cooper*, No. CIV.A. 22-2953, 2023 WL 4441116, at *5 (E.D. Pa. July 10, 2023) (granting motion to dismiss Eighth Amendment claim based in part on tight placement of GPS monitor because "none of [Brown's] allegations reveal[] a sufficiently serious deprivation.")

escape statute, but noting that it "does not satisfy the statutory requirement of confinement in an institutional setting" and "is not imprisonment" for other purposes). For the reasons that follow, the Court assumes that Brown may assert Eighth Amendment claims against Cooper and Ortiz, and dismisses those claims because Brown has failed to adequately state a deliberate indifference claim.

Although the Third Circuit has not ruled on this issue, "[d]istrict courts within the Third Circuit have accepted without specifically deciding or analyzing the legal issue that a parolee's claim under the Eighth Amendment is legally cognizable." *Allah v. O'Connor*, No. CIV.A. 18-4048, 2021 WL 4775578, at *4 (E.D. Pa. Oct. 13, 2021) (assuming that Eighth Amendment claim was available to parolee and granting parole officer's motion to dismiss because allegations in complaint did not adequately allege that parole officer had been deliberately indifferent to parolee's serious medical needs). *See also Giddings v. Joseph Coleman Ctr.*, 473 F. Supp. 2d 617, 623-24 (E.D. Pa. 2007) (analyzing claim that parole agent failed to prevent parolee's self-harm under Eighth Amendment where parolee was confined to a halfway house); *Short v. Webb*, No. CIV.A. 18-4130, 2019 WL 4573254, at *5 (E.D. Pa. Sep. 20, 2019) (analyzing Eighth Amendment deliberate indifference claim that parole agent failed to seek medical care after causing parolee's injuries during arrest for parole violation); *Knauss v. Anthony*, No. CIV.A. 07-2935, 2008 WL 382226, at *2–3 (E.D. Pa. Aug. 14, 2008) (analyzing Eighth Amendment deliberate indifference claim that parole agent failed to seek medical care for drug overdose during parolee's arrest). Accordingly, the Court accepts for purposes of this discussion only that Brown may pursue an Eighth Amendment deliberate indifference claim as a parolee. *See Allah*, 2021 WL 4775578, at *4 (stating that the Supreme Court's holding that "parolees are on the 'continuum' of state-imposed imposed punishment," *Samson v. California*, 547 U.S. 843, 850 (2006), and that "parole is an

established variation on imprisonment of convicted criminals," *Morrissey v. Brewer*, 408 U.S. 471, 477 (1972), may suggest that "such claims are potentially cognizable").

The Eighth Amendment's ban against cruel and unusual punishment prohibits an official's "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish an Eighth Amendment deliberate indifference claim, a plaintiff must establish: (1) deliberate indifference on the part of the prison official, and (2) a serious medical need. *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987). "A medical need is serious . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 347 (internal quotations omitted). *See also Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991) (holding that serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering"). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837(1994).

Additionally, the Third Circuit has recognized that a "particular vulnerability to suicide" is a serious medical need. *Colburn*, 946 F.2d at 1023. To prevail on a deliberate indifference claim related to an attempted suicide, a prisoner must establish that: (1) the prisoner had a particular

11

vulnerability to suicide, (2) the prison official knew or should have known of that vulnerability, and (3) the prison official acted with reckless or deliberate indifference to that prisoner's vulnerability. *Palakovic v. Wetzel*, 854 F.3d 209, 223-24 (3d Cir. 2017). Brown has not pleaded sufficient factual allegations to make out a plausible claim that Defendants were deliberately indifferent to any alleged vulnerability to suicide or any other mental health condition.[8]

Brown alleges in the AC that after he called their professional competence into question, Cooper and Ortiz threatened him with arrest "if he did not learn some respect." (AC at 2.) He also alleges that all Defendants "had knowledge of [his] mental health." (*Id*.) Additionally, Brown alleges that he attempted suicide by drinking anti-freeze because he feared returning to prison. (*Id*.) Moreover, he alleges without further explanation that Shillingford and Jones exposed him to poor and unsafe conditions. (*Id*. at 4.) These allegations, even construed liberally, do not adequately state a deliberate indifference claim.

With respect to his alleged serious medical condition, Brown does not allege when or by whom he was diagnosed with a mental health condition and does not identify the condition to which he refers. The only relevant allegation in this regard is that, while he was incarcerated in 2023, Brown's medication was adjusted to address suicidal thoughts he was experiencing at that time. (*Id*. at 3.) However, based upon the facts alleged in the AC, Brown's incarceration occurred after his June 2023 arrest, which, in turn, occurred after his February 2023 suicide attempt. He

---

[8] To the extent that Brown attempts to state a claim based on the alleged injury to his leg from Defendants making the ankle monitor too tight, that incident occurred in August 2021. Brown did not file this case until December 11, 2023. The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, the limitations period applicable to Brown's § 1983 claim based on an injury to his leg is two years. As the injury occurred more than two years before he filed his Complaint, that aspect of his claim is untimely.

does not allege that he had been diagnosed with or received treatment for a mental health condition or suicidal thoughts prior to his February 2023 suicide attempt. Additionally, although Brown alleges in a conclusory fashion that Defendants "had knowledge of [his] mental health," he does not describe how they came to possess this knowledge or the extent of their alleged knowledge. He does not allege that he expressed to Defendants that he was experiencing a mental health condition or that he was experiencing suicidal thoughts as a result of their threats. Furthermore, Brown does not allege facts to suggest that Defendants acted in reckless disregard of the possibility that these threats might drive him to attempt suicide. In short, he does not allege sufficient facts to "nudge[] [his] claims across the line from conceivable to plausible," and as a result, his Eighth Amendment claims are dismissed. *Twombly*, 550 U.S. at 570.

### C.  State Law Claims

Brown appears to assert a state law claim for intentional infliction of emotional distress against Shillingford and Jones. (AC at 4.) Defendants argue that this claim is barred by sovereign immunity. (Motion at 14-16.) The Court agrees with Defendants.

By statute, Pennsylvania law provides that agencies, officials, and employees of the Commonwealth acting in the scope of their duties are protected by sovereign immunity from damages claims subject to exceptions not applicable here. *See* 1 Pa. Cons. Stat. § 2310 (establishing immunity for Commonwealth officials and employees); 42 Pa. Cons. Stat. § 8521 (limiting waiver of immunity to specific exceptions); *id.* § 8522 (setting forth limited exceptions); *see also Stackhouse v. Commonwealth,*, 892 A.2d 54, 58 (Pa. Commw. Ct. 2006) ("Generally, the Commonwealth and its agencies, officials and employees acting within the scope of their duties are immune from suits for damages."). Further, "a state officer is shielded from liability for intentional torts committed while acting within the scope of his duties." *Bracey v. Betancourt*, No.

CIV.A. 20-6205, 2021 WL 5112246, at *7 (E.D. Pa. Nov. 3, 2021) (citing §8522); *see also Poteat v. Lydon*, No. CIV.A. 22-2114, 2023 WL 6620368, at *3 (3d Cir. Oct. 11, 2023) (*per curiam*) ("State sovereign immunity bars these suits against the Commonwealth and its employees acting within the scope of their duties, as the PSP employees were, and the limited negligence exceptions to sovereign immunity do not apply as Poteat alleged only intentional torts."); *Kidd v. Pennsylvania*, 37 F. App'x 588, 592 n.3 (3d Cir. 2002) (summarily dismissing intentional infliction of emotional distress claim because "[t]he Commonwealth, it[s] subdivisions, and its employees acting within the scope of employment enjoy Eleventh Amendment immunity in federal court. The Pennsylvania legislature has not chosen to waive this immunity for intentional torts." (citation omitted)).

The AC alleges that Defendants were employees of the Pennsylvania Board of Probation and Parole, and that Brown's parole was subject to their supervision. Brown does not allege that the conduct described was undertaken outside the scope of Defendants' employment. "Under Pennsylvania law, an action falls within the scope of employment if it: (1) is the kind that the employee is employed to perform; (2) occurs substantially within the job's authorized time and space limits; [and] (3) is motivated at least in part by a desire to serve the employer . . . ." *Wesley v. Hollis*, No. CIV.A. 03-3130, 2007 WL 1655483, at *14 (E.D. Pa. June 6, 2007). The conduct described falls within this description – on its face, it appears to be conduct aimed at monitoring Brown's parole and enforcing its terms, and to have been engaged in within the job's time and space limits. Whether the conduct was motivated "at least in part" by Defendants' desire to serve their employer is less clear, but the allegations in the AC reflect that Defendants arrested and re-arrested Brown on charges on which he was later convicted, suggesting a credible intent on their parts to appropriately monitor Brown's conduct while on parole. Under these circumstances,

14

sovereign immunity bars any intentional infliction of emotional distress claim Brown seeks to assert and, thus, the claim is dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion (ECF No. 62) is granted in part and denied in part. Brown's Eighth Amendment and state law intentional infliction of emotional distress claims are dismissed with prejudice. Additionally, the Court dismisses with prejudice Brown's Fourth Amendment claims based on the seizure of his personal property, his request for injunctive relief, and his request for declaratory relief. The remainder of Defendants' Motion is denied, and Brown's First Amendment retaliation and Fourth Amendment false arrest claims will proceed to discovery.

As to Brown's motions, his Motion for Clarification (ECF No. 76) is granted and the Court's May 2, 2025 Order is vacated. Additionally, Brown's Motion to Proceed with Civil Action (ECF No. 80) is denied as moot in light of the instant Memorandum.

An appropriate Order follows.

                                              **BY THE COURT:**

                                              **/s/ Kelley B. Hodge**
                                              _____
                                              **KELLEY BRISBON HODGE, J.**